SECOND DISTRICT—APRIL, 1916.        347

Mueller Grain Co. v. Chicago, P. & St. L. R. Co., 200 Ill. App. 347.

## Mueller Grain Company, Appellee, v. Chicago, Peoria & St. Louis Railroad Company, Appellant.

### Gen. No. 6,209.

1. COMMERCE, § 5*—*what is effect of Carmack amendment to Interstate Commerce Act.* Since the passage of the Carmack amendment to the Interstate Commerce Act, State legislation, regulations and policies, concerning interstate commerce, are superseded and controlled by such act.

2. NEGLIGENCE, § 191*—*when question of law.* When there is no doubt about whether or not an act is negligent, such question becomes one of law.

3. NEGLIGENCE, § 51*—*when recovery may be had for damage caused by act of God.* Recovery may be had for damage caused by act of God where, but for the negligence of the defendant, such damage would not have occurred.

4. CARRIERS, § 114*—*when liable for loss of goods by flood due to failure to transport promptly.* In an action for damages to a shipment caused by a flood, a recovery *held* proper where evidence showed that but for a delay in transportation the shipment would not have been so damaged, and there was no evidence that the carrier was not negligent in failing to promptly transport.

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

STEVENS, MILLER & ELLIOTT, for appellant; WILSON, WARREN & CHILD, of counsel.

CLARENCE W. HEYL and HARRY C. HEYL, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

March 7, 1913, Mueller Grain Company, appellee, shipped a carload of oats on the appellant's railroad billed "rush time freight shipment," to Altoona, Pennsylvania, a distance of about seven hundred miles.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The ordinary time required for the arrival of such freight at that destination was about seven days. The car arrived at Dayton, Ohio, March 24, 1913, seventeen days after the shipment, on its way to its final destination. Flood conditions at Dayton were at that time bad and became worse for several days, and it was impossible to remove the car until the water went down, at which time it was found that the oats were wet and damaged. This action was begun before a justice of the peace to recover for that loss and tried on appeal in the Circuit Court, appellee's theory being that appellant was liable for unreasonable delay of the car while en route and for placing the car in Dayton, Ohio, in the railroad yards at a point where the carrier knew the car would be in danger because of the flood; that notwithstanding the actual damage from the flood was the act of God, the defendant because of such negligence was liable. Appellant defended on the theory, as expressed by it in its brief here, that: "A carrier is not liable for a loss of property in shipment through an act of God which could not reasonably have been foreseen, although but for its previous negligence, by which the shipment was delayed, the property would have escaped the danger and the loss would not have occurred." The court adopted appellee's theory of the law in its instructions to the jury, and there was a verdict and judgment for the plaintiff of $160.60, from which judgment the defendant appeals.

Appellant correctly says that: "Since the Carmack amendment to the Interstate Commerce Act, State legislation, regulations and policies are superseded and controlled by the Interstate Commerce Act." *Michelson v. Judson Freight Forwarding Co.*, 268 Ill. 546. Appellant says that decisions of the United States Supreme Court are controlling, and relies on *Empire State Cattle Co. v. Atchison, T. & S. F. Ry. Co.*, 210 U. S. 1, to sustain its proposition of law that a carrier is not liable for loss occasioned by an act of God not-

withstanding its previous negligence exposed the goods to the danger. We regard that case as decisive authority to the contrary. The court was there considering the loss of some cattle occasioned by the flood that engulfed portions of Kansas City in May and June, 1903, and after disposing of a question of practice devoted eight pages of the opinion to a statement of facts to determine whether or not any negligence of the defendant contributed to the injury, and discussed the claim of the plaintiff that the defendant was guilty of negligence in locating the cattle in that field of danger at that time, and concluded that there was an entire absence of all negligence in selecting the route and that there was no evidence of negligence that would justify the submission of the case to a jury. It is very plain that the question whether the defendant's negligence had contributed to the proximate cause of the injury complained of was regarded by the court as controlling, and the fact that the court concluded there was no such negligence, and no evidence of such negligence that required a submission of the question to a jury, certainly furnishes no ground for refusing to consider the question of defendant's negligence in another case. Negligence is always a question of fact, unless like any other question of fact it becomes so certain that there was or was not negligence that there can be no reasonble dispute about it, then, like any other question of fact, it may be treated by the courts as matter of law. There was no negligence of the carrier in the case of. Kansas City flood, therefore the loss was by the act of God. If there was no negligence of appellant that contributed to the proximate cause of the injury, the loss in this case by the Dayton flood was by the act of God. Under the title "Act of God," 1 Corpus Juris, page 1172, the authorities are very thoroughly collected and discussed, and it is there said on page 1174: "The principle embodied in all the definitions is that the act must be one

occasioned exclusively by the violence of nature and all human agency is to be excluded from creating or entering into the cause of the mischief. When the effect, the cause of which is to be considered, is found to be in part the result of the participation of man, whether it be from active intervention or neglect, or failure to act, the whole occurrence is thereby humanized, as it were, and removed from the operation of the rules applicable to the acts of God.''

There was no effort in the court below to show that the defendant was not negligent in failing to ship the car to its destination in a reasonable and ordinary time. The delay in shipment was sufficient evidence of negligence of the defendant to require a submission of that question to a jury. But for that delay the oats would not have been damaged, therefore, under the authority of the Federal courts and what seems to be a general rule of law (*Sandy v. Lake Street El. R. Co.,* 235 Ill. 194, 202), we are of the opinion that the court did not err in construing the law, therefore the judgment is affirmed.

*Affirmed.*