VERHELST CONSTRUCTION COMPANY and another, Appellants, vs. GALLES, Respondent.

*February 9—March 10, 1931.*

For the appellants there was a brief by *Bender, Trump, McIntyre & Freeman,* attorneys, and *Ronold A. Drechsler* of counsel, all of Milwaukee, and oral argument by *Mr. Rodger M. Trump* and *Mr. Drechsler.*

For the respondent there was a brief by *Olwell & Brady* and *George A. Gessner,* all of Milwaukee, and oral argument by *Mr. Gessner.*

FOWLER, J.  The appellant assigns as error the denial of recovery of (1) the $1,600 paid to the state and (2) the $200 paid to the undertaker.

(1) The respondent claims the amount paid to the state is not recoverable because sec. 102.29 (3), Stats., purporting to provide for recovery from tortfeasors of amounts paid to the state under sec. 102.09 (4m) (f), is unconstitutional as denying the due process of law and equality of rights secured by the Fourteenth amendment to the constitution of the United States.  Unless the respondent's contention in this respect is upheld the plaintiffs are entitled to recover the amount paid to the state.

Sec. 102.09 (4m) (f), which provides for payment to the state in case of partial dependency when employees under the compensation act are killed in industrial accidents, has been declared constitutional in *B. F. Sturtevant Co. v. Industrial Comm.* 186 Wis. 10, 202 N. W. 324.  The decision is based upon *R. E. Sheehan Co. v. Shuler,* 265 U. S. 371, 44 Sup. Ct. 548, which declares a like act of the state of New York not violative of the Fourteenth amendment.  This court has not passed upon the constitutionality of sec. 102.29 (3), giving right of action for recovery of sums paid to the state.  But a like provision of the New York workmen's compensation act has been upheld by the supreme court of the United States in *Staten Island R. T. R. Co. v. Phœnix Indemnity Co.* 281 U. S. 98, 50 Sup. Ct. 242.  This decision would seem to establish the constitutionality of our like statute.  Counsel points out that our workmen's compensation act differs from that of New York in that it is optional, while that of New York is compulsory,

but we are unable to see that this affects the constitutionality of like provisions of our act. The suggested difference between the acts made no difference as to their constitutionality as a whole. No more can it affect the constitutionality of their like incidental provisions. It is urged that an employer electing to go under our act gets a consideration for so doing. But it can make no difference to the wrongdoer who causes the death that subjects an employer under the act to liability for payment to the state whether the employer's liability results from compulsion or his election. It is pointed out that the defendant is subjected to common-law items of damage and in addition to the amount paid to the state, while another person who by his negligence kills an employee with partial dependents whose employer is not subject to the act is only subject to liability for common-law items of damage. But the situation is the same under the New York provision for reimbursement. In New York all employers are not under the act. The same inequality exists under the New York act between two tortfeasors who by negligence jointly with employers kill employees similarly circumstanced, one of whom kills an employee of an employer who is under the act and the other kills an employee of an employer not under it. The supreme court of the United States did not consider that the difference stated rendered the New York provision for reimbursement unconstitutional. The supreme court of the United States is the final arbiter of all questions under the Fourteenth amendment. The difference stated does not invalidate our like provision.

It is also urged that as the defendant has no right of contribution in case negligence of the employer concurred with his own in causing the death of the employee, this is a denial of equality of rights and takes from him without due process of law a recovery that others have in like situations. It is true that in case the employer here were a joint

tortfeasor with defendant in causing the death and he paid the full amount of the damages assessed for the tort, he would have no right of contribution from the employer. *Buggs v. Wolff,* 201 Wis. 533, 230 N. W. 621. However, it is sufficient to say upon this point that the defendant is not in position to raise the question because he does not claim the employer was a joint tortfeasor. A constitutional question cannot be raised against a statute by one whose rights are not affected by it. If one's rights in the instant case are not affected by a constitutional question, he has no right to raise it although those affected by it might properly raise it. 12 Corp. Jur. pp. 760, 762; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 443, 87 N. W. 561.

Defendant also claims that he is denied a jury trial upon the question of liability under the act for payment by the employer into the state treasury. That point is passed upon in *Travelers Ins. Co. v. McCord,* 128 Misc. 626, 220 N. Y. Supp. 170, and it is there held that the defendant may contest the facts upon which the award rests under the act. The defendant not being a party to the proceeding before the Industrial Commission, the award is not *res judicata* as to him. The award offered in evidence makes a *prima facie* case, according to the New York case, but the defendant may offer evidence tending to show non-existence of any fact essential to a lawful award under the act or that the award was excessive, and in such a situation the burden would rest upon the plaintiff to prove existence of all essential facts and the correctness of the award as to amount. The answer does not assert non-existence of any such facts or excessiveness of the award, and no evidence was offered tending to show either. The defendant might have had a jury trial upon the facts essential to uphold the award had he raised an issue as to their existence.

(2) It is claimed by the defendant that the right to recover the funeral expenses paid by the parents was not

assigned by the statute because only the parents' rights were so assigned, and as the deceased was an adult the parents were not obligated to pay funeral expenses and had no lawful claim therefor. It may be conceded that children voluntarily paying their father's funeral expenses may not recover therefor from one causing his death by wrongful act. *Topping v. St. Lawrence,* 86 Wis. 526, 57 N. W. 365; secs. 331.03, 331.04, Stats. This does not affect the right to recover the funeral expenses here involved. Under sec. 102.29 (1) the making of a lawful claim against an employer under the compensation act for the death of an employee operates as an assignment of any cause of action in tort which the employee's personal representatives may have against any other party for the death. Funeral expenses are an element of damages in the cause of action by the personal representative in favor of the deceased's estate. *Will of Borchardt,* 184 Wis. 561, 200 N. W. 461; *Estate of Kelly,* 183 Wis. 485, 198 N. W. 280. Thus the whole claim for $337 for funeral expenses was assigned and is recoverable against the defendant tortfeasor herein. The fact that the expenses were in fact paid, $200 by the insurer under the award of the commission and $137 voluntarily by the parents, does not affect the right of recovery by the personal representative who had a cause of action therefor and might himself have recovered them. Where one not legally responsible for an item of expense assessable against a tortfeasor in a personal injury suit voluntarily pays the item for the benefit of the injured person, as where an employer voluntarily pays the wages of an employee while unable to work as a result of a tort committed upon the employee by a third person, or a member of one's family renders without charge services as a nurse for the value of which a tortfeasor is liable, this does not relieve the tortfeasor from liability for that item. Such payment does not inure to the benefit of the party liable for the item of damage. With

stronger reason the tortfeasor is not relieved when one pays such an item under legal compulsion. We consider that the $200 item is recoverable.

*By the Court.*—The judgment is reversed, with instructions to enter judgment upon the verdict for the additional amounts indicated in the opinion.