Western Casualty & Surety Company, Respondent, vs. Shafton and others, Appellants.

*January 9—April 11, 1939.*

For the appellants there were briefs by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *William E. Fisher*.

For the respondent there were briefs by *Lyel N. Jenkins,* attorney, and *James H. Van Wagenen* and *Charles W. Nason, Jr.,* of counsel, all of Stevens Point, and oral argument by *Mr. Jenkins* and *Mr. Nason*.

The following opinion was filed February 7, 1939:

FOWLER, J. The issue between the parties is whether the comparative-negligence statute, sec. 331.045, applies to the instant case and if it does to what extent. Two statutes are involved as the basis of the action. Sec. 102.49 (5), Stats., provides that when an employee is killed having no one wholly dependent on him the employer or insurer shall pay into the state treasury such an amount, when added to the sums paid for partial dependency, as shall equal the amount payable when the employee leaves one wholly dependent, but not exceeding $2,000. The action was brought to recover $2,000 so paid. It is admitted that $2,000 was properly paid by the plaintiff under this statute. The other statute, which

authorizes action when money is so paid, is sec. 102.29 (3), which reads:

"In the case of liability of the employer or insurer to make payment into the state treasury under the provisions of section 102.49 or 102.59, if the injury or death was due to the actionable act, neglect, or default of a third party, the employer or insurer shall have a right of action against such third party for reimbursement for any sum so paid into the state treasury, which right may be enforced either by joining in the action mentioned in subsection (1) or (2), or by independent action."

The appellants claim that the verdict herein is defective because it contains no finding as to the contributory negligence of Senoraske, the deceased employee, and if the verdict is not defective for this reason the judgment should be reduced under the comparative-negligence statute to ninety per cent of $2,000 because the contributory negligence of Wilke, the driver of the automobile in which the deceased was riding, was ten per cent as compared to Shafton & Company's ninety per cent.

As to Wilke's negligence the appellants claim that his negligence is attributable to his master under the doctrine of *respondeat superior*. So it is in an action against the master to recover because of his negligence. But this is not such an action. The master of Senoraske was Hoffer. His only liability for Senoraske's death was under the Workmen's Compensation Act. Wilke's negligence is therefore entirely immaterial. It was so held in *Clark v. Chicago, M., St. P. & P. R. Co.* 214 Wis. 295, 252 N. W. 685, which was a suit under the death-by-wrongful-act statute which involved money paid pursuant to an award of the industrial commission. No reason is perceived why the same rule does not apply here.

As to Senoraske's negligence we must hold upon the record that Senoraske was not negligent at all. This being so, there is no need to determine what effect a finding that he was

negligent would have had. No request was made to submit to the jury a question as to his contributory negligence. Sec. 270.28, Stats., provides in case of submission of the issues in a special verdict under sec. 270.27:

"*Submission to jury; omitted essential fact.* When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto.*"

Thus as the court granted judgment the situation is as if the jury had found that Senoraske was not negligent or that if negligent his negligence was less than Shafton & Company's, which is all that the verdict would have to find in addition to what it did find in order to support the judgment.

The other assignments of error made by appellants are based on the findings of negligence made by the verdict. They are findings (2), (3), and (4), set out in the statement preceding the opinion, relating to clear space at the left of truck A, by leaving truck A on the road an unreasonable length of time, and by not having lights on the rear of truck A. These we need not discuss because it is conceded that causative negligence by the driver of truck A was established by his failure to put out flares or fusees as required by sec. 85.06 (2) (d), Stats., when a disabled motor vehicle is left standing on a highway. In absence of negligence on the part of Senoraske this fixes the liability of the defendants.

*By the Court.*—The judgment of the circuit court is affirmed.

The following memorandum was filed April 11, 1939:

FOWLER, J. (*on motion for rehearing*). The appellants on motion for rehearing contend that the statements in the opinion that, (1) the negligence of Wilke, the driver of the Hoffer automobile, is immaterial, and (2) that *Clark v. Chi-*

*cago, M., St. P. & P. R. Co.* 214 Wis. 295, 252 N. W. 685, so rules, are erroneous.

(2) We acknowledge that we were in error in saying that the *Clark Case* rules the instant one upon the point of immateriality of Wilke's negligence. While the factual situations of the two cases are in many respects parallel, the statutes respecting recovery of money paid on awards of the industrial commission at the times involved in the cases are so different and such factual difference exists that the reasons on which the ruling of immateriality rested in the former case are not applicable here. This tub must stand on its own bottom.

(1) The movants contend that the comparative-negligence statute requires that the recovery herein be reduced by ten per cent because the jury found Wilke's causative negligence was ten per cent as compared to the truck driver's ninety per cent.

The statutes quoted in the opinion give an "independent action" to the plaintiff to recover the money paid by it into the state treasury. They say the money so paid may be recovered from a third-party tort-feasor. So saying carries the implication that all of it shall be recovered, independent of the amount recoverable by the beneficiaries under the death-by-wrongful-act statute. *A priori* he may recover it all.

We consider that he may recover it all follows because the language of the comparative-negligence statute does not cover this case. The statute, sec. 331.045, merely provides that "contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering."

The statute only covers actions to recover for negligence for "injury to person or property." Injury to whose per-

son—whose property? Injury to the person of the plaintiff or the property of the plaintiff—or to the person or property of the deceased person, or pecuniary injury to his beneficiaries. The insurance company's "person" manifestly was not injured. It is in the broad sense a person but it is not a natural person and not subject to "personal" injury. Nor was any of its property injured. The plaintiff is entitled to recover so much of the award as Hoffer might have recovered had he paid it. But were Hoffer the plaintiff he would not be entitled to recover for injury to his person for he sustained no personal injury. His automobile was injured and were he suing for injury to that the contributory negligence of the driver of his car would operate to reduce his recovery by ten per cent under the comparative-negligence statute. But injury to property is not here involved. The comparative-negligence statute does not by its terms purport to constitute a partial defense against recovery of money paid by Hoffer which another statute provides Hoffer must pay, and which another statute provides Shafton must reimburse Hoffer.

The statute says this action is independent of the action in behalf of the beneficiaries. It is another and a different sort of an action. The recovery is in addition to that in the other action. *Verhelst Construction Co. v. Galles,* 204 Wis. 96, 235 N. W. 556. The one is to recover for personal injuries negligently inflicted, or property negligently injured, the other for recovery of a specific sum of money made recoverable by statute. True, a basic factual situation is common to both, but the one action is in tort and the other on contract or *quasi* contract.

The above seems sufficient to cover the issue raised on the motion for rehearing.

*By the Court.*—The motion for rehearing is denied without costs.