STANDARD SURETY & CASUALTY COMPANY OF NEW YORK, Respondent, vs. SPEWACHEK and others, Appellants.

*November 9—December 5, 1939.*

For the appellants there was a brief by *Harry V. Meissner,* and oral argument by *Mr. Meissner* and *Mr. Robert L. Piper,* both of Milwaukee.

For the respondent there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

NELSON, J. The findings of fact made by the civil court are not questioned. It will be necessary, however, to summarize the facts in order that the questions of law raised on this appeal may be understood. On July 5, 1934, one Vincent Marzynski was employed by one Anton Laskowski to operate a horse-drawn mower and to cut weeds on certain highways in the town of Lake, in Milwaukee county. Laskowski, under the arrangement with the town, was a contractor under the town but was not an employer subject to the Workmen's Compensation Act. Marzynski, therefore, if injured while performing services growing out of and incidental to his em-

ployment by Laskowski, would be entitled to compensation from the town as provided by sec. 102.06, Stats. 1933. On July 5, 1934, while Marzynski was engaged in cutting weeds, the mower was negligently struck by an automobile driven by the defendant, Clarence J. Spewachek. As a result, Marzynski was fatally injured, the mower which belonged to the town was damaged, one of the horses belonging to Laskowski was killed and the other one was injured. The automobile which Clarence was driving belonged to his father, Frank Spewachek, and was driven with the latter's permission. Clarence was an employee and agent of the defendant, Milwaukee Sausage Company, and at the time of the accident was engaged in the pursuit of its business. The defendant, Bankers Indemnity Insurance Company, carried the public liability and property damage risks on the Spewachek automobile. The plaintiff carried the compensation risk of the town. Upon the happening of the accident, the town promptly notified the plaintiff thereof. Marzynski left no dependents surviving him. After his death an administrator of his estate was appointed who made claim against the defendants for damages sustained by the estate, based upon the pain and suffering of Marzynski and the funeral expenses. The town also made claim for damages to its mower. Laskowski likewise claimed damages. The three claimants were represented by the same attorney, who was regularly retained by the town, and who was specifically authorized to collect the damages it had sustained. An action was commenced by the administrator principally for the purpose of having a proposed settlement approved by the court. The court, after due hearing, approved a settlement of the claim of the estate at $1,000. The claim of the town was settled for $80, and that of Laskowski for $325. The town, by its supervisors, executed a release in which it acknowledged the payment to it of the sum of $80 and released and discharged Spewachek and the Bankers Indemnity Insurance Company "of and from all

claims, demands, damages, actions, causes of action or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by said Frank Spewachek and Bankers Indemnity Insurance Company prior to and including the date hereof, and particularly on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 5th day of July, 1934, at Highway No. 41 near College avenue, Milwaukee, Wisconsin."

The plaintiff, upon being notified of the accident, fully investigated the same. It, however, had no knowledge or notice of the action commenced by the administrator until after the action had been fully settled. The plaintiff referred the matter of its compensation liability to its attorneys, and as a result asked the industrial commission to conduct a hearing for the purpose of determining whether it was in any way liable for compensation under its policy issued to the town.

As a result of that hearing, the commission found that at the time of the injury, Marzynski was in the employ of Laskowski, a contractor under the town; that Marzynski left no dependents; that the town and its insurer, the plaintiff, were liable to the state for $1,600 under the provisions of sec. 102.49 (5), Stats. 1933. The commission therefore ordered that the town and the plaintiff, within ten days, pay into the state treasury the sum of $1,600. Pursuant to that order, the plaintiff paid said sum into the state treasury, and thereafter brought this action pursuant to the provisions of sec. 102.29 (3), Stats. 1933, against the defendants.

The defendants contend that both courts erred in entering judgments against them for the reasons that the town was primarily liable; that the plaintiff was only secondarily liable, and that therefore any right which the town had to recover damages against a third party was fully released by the town. The defendants further contend that the only right of the plaintiff to recover is under the subrogation provisions of its policy.

While the compensation liability of the town was primary, the liability of the plaintiff, its insurance carrier, was also in effect primary. The liability of the town and that of the plaintiff, its insurer, was clearly co-ordinate.

Sec. 102.28 (2), Stats. 1933, provided in part:

"An employer liable under this act to pay compensation shall insure payment of such compensation in some company authorized to insure such liability in this state unless such employer shall be exempted from such insurance by the industrial commission. . . ."

Sec. 102.31, Stats. 1933, provided in part:

"Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with the act shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of the act. . . ."

Sec. 102.30 (1), Stats. 1933, provided in part:

". . . But liability for compensation shall not be reduced or affected by any insurance, contribution or other benefit whatsoever, due to or received by the person entitled to such compensation, and the person so entitled shall, irrespective of any insurance or other contract, have the right to recover the same directly from the employer; and in addition thereto, the right to enforce in his own name, in the manner provided in this act, the liability of any insurance company which may have insured the liability for such compensation, and the appearance, whether general or special, of any such insurance carrier by agent or attorney shall be a waiver of the service of copy of application and of notice of hearing required by section 102.17; provided, however, that payment of such compensation by either the employer or the insurance company, shall, to the extent thereof, be a bar to recovery against the other of the amount so paid, and provided, further, that as between the employer and the insurance company, payment by either directly to the employee, or to the person entitled to compensation, shall be subject to the conditions of the policy."

See also sec. 102.62, Stats. 1933, relating to liability for increased compensation or increased death benefits, provided

for in sec. 102.57, or included in sec. 102.60, in which, as to increased compensation or death benefits, the liability of the employer is declared to be primary and the liability of the insurance carrier to be secondary. Under the law, the compensation liability of the plaintiff was co-ordinate with that of the town, its liability, however, being limited or measured by the liability of the town.

In *Maryland Casualty Co. v. Industrial Comm.* 198 Wis. 202, 211, 221 N. W. 747, 223 N. W. 444, it was said:

"Therefore, when an insurance company undertakes to write workmen's compensation insurance *it assumes the* employer's obligation to pay compensation. The measure of its liability under its policy and the statute is the employer's liability to the injured employee. *It is permitted to make no defense which will impair the employee's right to payment of compensation. Its liability is in effect primary."*

The contention that the liability of the town was primary and that of the plaintiff secondary is made as a basis for the further contention that the right of the town to recover damages from Clarence J. Spewachek, a third party, for his negligence which caused the death of Marzynski, was extinguished by its release to Frank Spewachek and his insurance carrier, the defendant, Bankers Indemnity Insurance Company. It is argued that the primary right to recover from a third party was in the town and that its release extinguished that right; and that regardless of the fact that the plaintiff thereafter paid $1,600 into the state treasury, the right to recover that amount was extinguished by the town. In our opinion, the argument is not sound. No right of the town to recover from a third party for moneys paid into the state treasury in compliance with sec. 102.49 (5), Stats. 1933, existed until the town actually paid such moneys into the state treasury. It therefore never had any right to recover from a third party on that account.

Sec. 102.49 (5), Stats. 1933, provided:

"In each case of injury resulting in death, leaving no person wholly dependent for support, the employer or insurer shall pay into the state treasury such an amount, when added to the sums paid or to be paid on account of partial dependency, as shall equal the death benefit payable to a person wholly dependent, such payment to the state treasury in no event to exceed sixteen hundred dollars. The payment into the state treasury shall be made in all such cases regardless of whether the dependents or personal representatives of the deceased employee commence action against a third party as provided in subsection (2) of section 102.29. If such payment is not within twenty days after the commission makes request therefor, any sum payable shall bear interest at the rate of six per cent per annum."

Sec. 102.29 (3), Stats. 1933, provided:

"In the case of liability of the employer *or insurer* to make payment into the state treasury under the provisions of section 102.49 or 102.59, if the injury or death was due to the actionable act, neglect, or default of a third party, the employer *or insurer* shall have a right of action against such third party for reimbursement for any sum so paid into the state treasury, which right may be enforced either by joining in the action mentioned in subsection (1) or (2), or by independent action."

It is clear therefore that when the plaintiff paid into the state treasury the sum of $1,600, pursuant to the order of the industrial commission, it had a right to bring an independent action against Clarence J. Spewachek, whose actionable act and neglect caused the death of Marzynski, and the Bankers Indemnity Insurance Company, the insurer on the risk.

In *Verhelst Construction Co. v. Galles,* 204 Wis. 96, 235 N. W. 556, it was held that sec. 102.29 (3), Stats., did not violate the constitution of this state or the constitution of the United States. See also *Staten Island R. T. R. Co. v.*

*Phœnix Indemnity Co.* 281 U. S. 98, 50 Sup. Ct. 242, 74 L. Ed. 726.

Since sec. 102.29 (3), Stats., gave to the plaintiff an independent right of action against the third party (compare *Employers Mut. Liability Ins. Co. v. Icke,* 225 Wis. 304, 274 N. W. 283, and *London G. & A. Co. v. Wisconsin P. S. Corp.* 228 Wis. 441, 279 N. W. 76), the town obviously had no authority to release the claim of the plaintiff. The plaintiff had no cause of action until it actually paid $1,600 into the state treasury. When it did so it had a distinct and independent cause of action against the third party, Clarence J. Spewachek, for reimbursement.

In *Milwaukee Coke & Gas Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245, it was held that when an employee with dependents is injured by accident and temporarily disabled for a period exceeding a week and subsequently dies as the result of his injuries, there are, under the Workmen's Compensation Act, two distinct claims for indemnity: One by the employee himself for his temporary disablement, and the other by the dependents for the death, neither of which claims can be discharged by the owner of the other.

So it must be said here that the claim of the town for damages to its mower was entirely separate and distinct from that claim which accrued when the plaintiff paid into the state treasury the amount due the state.

What the situation would have been if the administrator had given reasonable notice to the plaintiff and the latter had appeared and joined in that action, we need not decide. No such notice was given to the plaintiff and the plaintiff had no knowledge that said action had been commenced or that the claim of the administrator involved therein had been settled. Sec. 102.29, Stats., as it existed in 1933 and as it exists today, may be somewhat ambiguous and therefore difficult to apply to certain situations which may arise under it. But it is clear that a right of action is given to an insurer against a third

party whose actionable act or neglect has caused a death which requires the insurer to pay moneys into the state treasury.

The contention of the defendants that the only rights of a compensation insurer are those under the subrogation provisions of its policy is, in our opinion, without merit. It is clear that the right of an insurer to reimbursement from a third-party tort-feasor is statutory and is not dependent upon the subrogation clause of its policy.

The contention that the plaintiff should be denied recovery because of its laches is, in our opinion, likewise without merit The plaintiff is a foreign corporation authorized to do business in this state. It obviously did not wish to cover up its liability to pay whatever it was obligated to pay into the state treasury, especially after it was advised by its attorneys of possible liability. Asking the industrial commission to determine whether it was liable, cannot give rise to criticism. When it was ordered to make the payment into the state treasury it promptly did so and avoided any penalty or interest. It commenced this action seventeen days later.

The final contention is that the defendants should have a right of offset against the plaintiff's claim because they paid the administrator the sum of $1,000 for damages based upon pain and suffering experienced by Marzynski prior to his death, and for his funeral expenses. It appears that at the time the circuit court was conducting a hearing for the purpose of deciding whether the settlement agreed upon should be approved, it asked the parties present whether there was any liability for compensation. The attorney for the administrator, who was also the attorney for the town, apparently was of the view that since Marzynski left no dependents no claim for compensation existed. The liability of the town, and its insurance carrier, to pay not more than $1,600 into the state treasury under the circumstances was apparently inadvertently overlooked by all present. The plaintiff was not a party to that action and had no notice thereof. It was not

represented at the hearing. In this situation it must be held that while the defendant, Bankers Indemnity Insurance Company, may have paid more to the administrator in the settlement of the claim of the estate than it would have done had it been conscious of a distinct liability to the plaintiff, in case the latter was compelled to pay $1,600 into the state treasury, that cannot affect the right of the plaintiff to recover the full amount paid by it. Had the administrator given reasonable notice to the plaintiff, and had it appeared and joined in that action, a different situation would have existed.

*By the Court.*—Judgment affirmed.