Employers Mutual Liability Insurance Company of Wisconsin, Respondent, vs. Mueller and another, Appellants.

*October 9—November 7, 1956.*

For the appellants there were briefs by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Arthur B. Sullivan.*

For the respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, and oral argument by *Herbert Terwilliger.*

BROWN, J. Appellants assert that the question is novel and has not been previously decided in Wisconsin and they submit that the comparative-negligence statute (sec. 331.045) is available to them as a partial defense to the present action. That statute is:

"COMPARATIVE NEGLIGENCE; WHEN BARS RECOVERY. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

Plaintiff-respondent replies that prior decisions of this court control us now, relying in great measure on *Western Casualty & Surety Co. v. Shafton* (1939), 231 Wis. 1, 283 N. W. 806, 285 N. W. 408; *Standard Surety & Casualty Co. v. Spewachek* (1939), 233 Wis. 158, 288 N. W. 758; and *Verhelst Construction Co. v. Galles* (1931), 204 Wis. 96, 235 N. W. 556. In those actions, as appellants point out, contributory negligence of the person injured or killed was not present, wherefore the point now in issue was not involved and was not determined. However, those decisions do establish that sec. 102.29 (2), Stats., is constitutional and that the cause of action given by it is an independent one. Whether it was dictum or not, in the *Western Casualty & Surety Co. v. Shafton Case, supra,* at pages 6 and 7, we did say:

"The statutes quoted in the opinion give an 'independent action' to the plaintiff to recover the money paid by it into the state treasury. They say the money so paid may be recovered from a third-party tort-feasor. So saying carries the implication that all of it shall be recovered, independent of the amount recoverable by the beneficiaries under the death-by-wrongful-act statute. *A priori* he may recover it all.

". . . The comparative-negligence statute does not by its terms purport to constitute a partial defense against recovery of money paid by Hoffer which another statute provides Hoffer must pay, and which another statute provides Shafton must reimburse Hoffer."

Appellants rely principally on *Employers Mut. Liability Ins. Co. v. De Bruin* (1955), 271 Wis. 412, 73 N. W. (2d) 479, arguing that we then held that the statutory action is a common-law suit in tort, from which they reason that all defenses applicable to actions against tort-feasors, and particularly the defense of comparative negligence, are available to them to reduce the amount recoverable by respondent. One Kieffer was employed by Post, a corporation, which carried its workmen's compensation insurance with the Employers Mutual Liability Insurance Company. Kieffer was killed when struck by De Bruin's automobile. The compensation insurer paid $3,000 into the state treasury as directed by sec. 102.49 (5), Stats., and then brought action under sec. 102.29 (2) against De Bruin and his automobile liability carrier for reimbursement. The liability carrier moved for summary judgment dismissing the complaint against it (but not against its insured) because its policy excluded from coverage any obligation for which De Bruin or his insurer might be held liable under any workmen's compensation law. We said that the policy exclusion did not apply to these facts. De Bruin was not Kieffer's employer nor liable to him for workmen's compensation. His liability arose at common law from his tort. The fact that this tort liability is recognized as

one section of the Workmen's Compensation Law does not change De Bruin's liability nor, by reason of the exclusion of the policy, absolve his liability insurer. Our opinion quoted with approval the trial court's statement (p. 415):

" 'It seems clear to the court that exclusion (e) simply removes from coverage such losses as are incurred by the defendant and imposed upon him when he is subject to the compensation act.

" 'The loss incurred here is not imposed upon De Bruin by the compensation act, but the basis of his potential liability is his causal negligence under the common law.

" 'The intent of the policy is clearly to remove from its coverage such liabilities as the named assured assumes as an employer.' "

The *De Bruin Case, supra,* construing a clause in an insurance policy, is so different from the present one on its facts and in its issues that we see nothing in its language inconsistent with the result now reached by the trial court.

Since the present cause of action is created by statute, the answer to the question before us should be looked for in the statute itself. We observe there that the right of action is "for reimbursement for any sum so paid into the state treasury." There is no hint, much less a direction, that any other sum is to be sued for or recovered and none that because the deceased or his representatives in their action against the tort-feasor could recover only a part of their actual damage, by reason of contributory negligence, such fact has any bearing on the right of present plaintiff to recover in full the statutory amount which Mrs. Mueller's tort has compelled it to pay. Contributory negligence on the part of the deceased was not present in *Western Casualty & Surety Co. v. Shafton, supra.* Hence our remarks concerning it may have been dicta, as appellants say, but such negligence is present here and the *Shafton* remarks concerning its effect may well be adopted. We so adopt them as already quoted in this opinion.

We conclude that on the facts presented by this record sec. 102.29 (2), Stats., imposes liability on the tort-feasor and her insurer for the entire amount which sec. 102.49 (5) compelled the employer and his compensation carrier to pay to the state treasury. Our examination of the authorities cited by appellants leads us to no different result.

The question has been raised whether the result would be the same if the causal negligence of the person killed was materially greater than that of the defendant tort-feasor. There is no occasion to express an opinion dealing with facts not before us but, if interested parties deem it unjust to permit full rcovery in such a situation, a modification of the statute may be sought from the legislature to forestall any such interpretation.

*By the Court.*—Judgment affirmed.