WISCONSIN POWER & LIGHT COMPANY, Plaintiff and Respondent, vs. DEAN and others, Defendant: SOUTHERN WISCONSIN BREEDERS CO-OPERATIVE, Defendant and Appellant, and one other case.

*February 5—March 5, 1957.*

For the appellant there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Eli Block*.

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

FAIRCHILD, J.   In one action, which may be called the "state fund" case, the respondent Power Company is the sole plaintiff. Apparently the respondent's deceased employee left no person dependent upon him for support and the complaint alleges that pursuant to sec. 102.49 (5), Stats. 1953, respondent paid $4,000 into the state treasury and that the death resulted from the negligence of Dean.  The cause of action stated in the complaint is one for reimbursement for such payment created by sec. 102.29 (2).  Appellant's answer denies negligence on the part of Dean but as an additional defense pleads that the collision was caused by the negligence of Downing, another employee of respondent.  Appellant's position is that the comparative-negligence statute, sec. 331.045, applies to the respondent's cause of action for reimbursement.  Appellant urges that if Downing's negligence was 50 per cent or more of the total causal negligence, respondent can recover nothing, and if less than 50 per cent respondent's recovery must be diminished proportionally.

Sec. 102.29 (2), Stats., gives the employer or insurer, who is required to make payment into the state treasury, a right of action against a third party for reimbursement for any sums so paid if the injury or death of the employee was due to the actionable act, neglect, or default of the third party.  Sec. 331.045 substitutes the comparative-negligence rule for the old contributory-negligence rule "in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property."  The employer's action is one for reimbursement for money paid out pursuant to statute and is not an action for damages to which the comparative-negli-

gence statute applies. *Western Casualty & Surety Co. v. Shafton,* 231 Wis. 1, 283 N. W. 806, 285 N. W. 408; *Employers Mut. Liability Ins. Co. v. Mueller,* 273 Wis. 616, 79 N. W. (2d) 246. There are only two possible distinctions between the facts in the cases cited and those in the instant case. In the *Shafton Case* the causal negligence attributed to the deceased's fellow employee was 10 per cent and in the *Mueller Case* the negligence attributed to the deceased employee himself was 25 per cent. Under the pleadings now before us Downing may have been responsible for 50 per cent or more of the causal negligence. In both the *Shafton* and *Mueller Cases* the action was brought by an insurer rather than by the employer. We can perceive no logical reason for reaching a different interpretation of the statute because of either of these distinctions. It is true that in the *Mueller* decision this court commented that the question of what would happen were the negligence of the employee equal to 50 per cent or more of the causal negligence was not then before this court. It would, however, be entirely inconsistent to hold that the portion of the comparative-negligence statute which defeats recovery where the negligence attributable to plaintiff is 50 per cent or more is applicable to an employer's action for reimbursement but that the portion of the comparative-negligence statute which provides for a reduction of recovery by reason of negligence attributable to the plaintiff of less than 50 per cent is not applicable to such action.

We are therefore of the opinion that under secs. 102.29 (2) and 331.045, Stats., in their present form the allegations of negligence on the part of Downing do not state a defense to the respondent's cause of action for reimbursement for money paid into the state fund.

In the other action, which may be called the "employees' case," respondent has joined as plaintiff along with its in-

jured employees. Its cause of action for burial expense included in the state-fund case stands upon the same footing as its rights in the employees' case. Sec. 102.29 (1), Stats., makes it clear that the cause of action of an employee, his personal representative, or other person entitled to bring action against a third party for negligently causing injury or death is not affected by the making of a claim for workmen's compensation. Sub. (1) provides for the division between the employer or insurer and the employee of the proceeds recovered from any such third party and regulates the prosecution of the cause of action. In prosecuting this claim the employer or insurer stands in the shoes of the beneficiary to whom it has paid or is to pay compensation. *London G. & A. Co. v. Wisconsin P. S. Corp.* 228 Wis. 441, 279 N. W. 76; *Saxhaug v. Forsyth Leather Co.* 252 Wis. 376, 384, 31 N. W. (2d) 589; *Eleason v. Western Casualty & Surety Co.* 254 Wis. 134, 140, 35 N. W. (2d) 301. Downing's negligence is not imputed to his injured fellow employees and therefore does not constitute a defense to the action to recover for their injuries even though respondent will share in the recovery by reason of payment of compensation benefits.

In the employees' action appellant cross-complained against the respondent for contribution in the event that appellant be held liable. This court has decided, however, that a negligent third party who is held liable to an injured employee cannot require contribution from the employer even though the employer be negligent. This holding is based upon the proposition that the sole liability of the employer to the employee is his liability under the compensation act and there is no common liability of the employer and third party to the injured employee even though their concurring negligence caused the injury. *Buggs v. Wolff,* 201 Wis. 533, 536, 230 N. W. 621; *Clark v. Chicago, M., St. P. & P. R.*

*Co.* 214 Wis. 295, 252 N. W. 685. Accordingly, the circuit court correctly sustained the Power Company's demurrer to appellant's cross complaint.

Appellant has argued in this court, raising the question for the first time on appeal, that if sec. 102.29, Stats., is interpreted so as to deny the appellant the partial or complete defense which would be afforded by the comparative-negligence rule and to deny appellant a right to contribution from respondent as a joint tort-feasor, the statute discriminates against appellant and deprives it of property without due process of law. Appellant points out that *Verhelst Construction Co. v. Galles,* 204 Wis. 96, 235 N. W. 556, wherein sec. 102.29 was held constitutional, did not decide whether that section is constitutional if the third party is deprived of contribution from an employer who is a joint tort-feasor. It is the rule of this court that it ordinarily will not consider the question of constitutionality which has been raised for the first time on appeal but will deem that any such right which may have existed was waived by failure to raise it early in the proceeding before the trial court. *State ex rel. Nelson v. Rock County,* 271 Wis. 312, 317, 73 N. W. (2d) 564; *Baker v. Leenhouts,* 257 Wis. 584, 44 N. W. (2d) 544; certiorari denied, 341 U. S. 945, 71 Sup. Ct. 1019, 95 L. Ed. 1370. There is no reason for following a different rule in this case.

Appellant argues that great unfairness may result under some circumstances from the interpretations of these statutes formerly adopted by this court and adhered to in this decision. These arguments may well have merit but they are arguments for amendment of the statutes involved.

*By the Court.*—Orders in each case affirmed.

CURRIE, J., took no part.