Murray, Administrator, and others, Plaintiffs, v. Dewar and others, Defendants and Respondents: General Accident Fire & Life Assurance Corporation, Ltd., Plaintiff and Appellant.

*January 9—February 3, 1959.*

For the appellant there was a brief by *Arnold, Philipp & Murray* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondents John G. Dewar and Continental Casualty Company there was a brief by *Lowry & Hunter,* and oral argument by *Willis J. Zick,* all of Waukesha.

For the respondents John G. Dewar and Travelers Indemnity Company there was a brief by *George D. Young,* attorney, and *John H. Ames* of counsel, both of Milwaukee, and oral argument by *Mr. Ames.*

FAIRCHILD, J.    General Accident claims that sec. 102.29 (1), Stats., gives it an independent cause of action against Dewar for the amount of the death benefit it paid into the estate of Mrs. Palleck, the employee's widow.  It is apparently conceded on all sides that (except for the funeral expenses with which the parties have not concerned themselves on this appeal) there can be no recovery from Dewar for wrongful death under secs. 331.03 and 331.04, because Mrs. Palleck died and there were no other survivors of Mr. Palleck who could be beneficiaries of a wrongful-death action under sec. 331.04.  It is clear that if the circumstances had been such as to require General Accident to make a payment into the state treasury on account of Mr. Palleck's death, General Accident would have had a cause of action for reimbursement under sec. 102.29 (2), and the nonexistence of a survivor who could be a beneficiary of

a wrongful-death action would be immaterial. General Accident contends that under sec. 102.29 (1) the nonexistence of such survivor is equally immaterial. Respondents apparently contend, and the circuit court decided, that any right of action of General Accident under sec. 102.29 (1) must fit within an existing liability of Dewar for wrongful death under secs. 331.03 and 331.04. No such liability on Dewar's part can be established under the present circumstances because there were no survivors, except Mrs. Palleck, and liability to her was extinguished upon her death. *Eleason v. Western Casualty & Surety Co.* (1948), 254 Wis. 134, 35 N. W. (2d) 301.

General Accident apparently relies upon a sentence contained in sec. 102.29 (1), Stats., as follows: "The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall likewise have the right to make claim or maintain an action in tort against any other party for such injury or death." If that sentence were read only in connection with the sentence preceding it, which provides in effect that the bringing of a tort action by an employee, personal representative, or survivor for injury or death shall not affect nor be affected by the making of a claim under the Workmen's Compensation Act, the quoted sentence might mean what General Accident says it does. All the following portion of the subsection, however, indicates that the subsection does not impose any liability upon the third-party wrongdoer but that, contemplating the liability of the third-party wrongdoer already existing for causing injury or death, the subsection provides for a division of the recovery upon that liability between the employee, his personal representative, or survivor plaintiff on the one hand, and the employer or compensation insurer on the other. Each of these plaintiffs is required to give the other an opportunity to join in the "making of such claim or the instituting of an action." Each shall have an equal

voice in the prosecution of "said claim." Irrespective of whether all parties join, the proceeds of "such claim" are to be divided according to a formula which gives to the employee, personal representative, or survivor plaintiff one third of the proceeds after deducting the reasonable cost of collection. It would do real violence to the language of the latter portion of the subsection providing for division of the proceeds, with a guaranty of a portion to the employee, his personal representative, or survivor no matter how little be recovered, to say that the subsection creates an independent cause of action in favor of the employer or compensation insurer to recover what it has paid which can exist in the absence of a cause of action for the benefit of a survivor under sec. 331.04.

Our previous decisions have interpreted sub. (1) of sec. 102.29, Stats., consistently with what has just been said.

In *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 241, 81 N. W. (2d) 486, we said, citing previous decisions supporting the statement, "Sub. (1) provides for the division between the employer or insurer and the employee of the proceeds recovered from any such third party and regulates the prosecution of the cause of action. In prosecuting this claim the employer or insurer stands in the shoes of the beneficiary to whom it has paid or is to pay compensation. *London G. & A. Co. v. Wisconsin P. S. Corp.* 228 Wis. 441, 279 N. W. 76; *Saxhaug v. Forsyth Leather Co.* 252 Wis. 376, 384, 31 N. W. (2d) 589; *Eleason v. Western Casualty & Surety Co.* 254 Wis. 134, 140, 35 N. W. (2d) 301."

The *Eleason* decision made it clear that where the employee was killed by the negligent act of a third-party tortfeasor, the amount which could be recovered from the third party and in which the compensation insurer and the children of the employee each had an interest was to be measured by the pecuniary injury to the children. In the present case

there are no children nor other survivors who could be beneficiaries of a wrongful-death action and therefore no pecuniary injury has occurred. General Accident points out that this decision was made in 1948 and that sec. 102.29, Stats., has since been repealed and re-created in different language by ch. 107, Laws of 1949. Counsel has not, however, pointed out any changes in substance which would show a legislative intent to change the theory that the employer or insurer has no more than a right to share in a recovery upon a liability which would exist apart from sec. 102.29 (1).

General Accident relies on a statement in *Bergren v. Staples* (1953), 263 Wis. 477, 482, 57 N. W. (2d) 714, that the fact that the insurer "can maintain the action at all, makes for a new cause of action on the part of the employer or his compensation insurer, that did not exist at common law." We think that the court was pointing out in that case that the employer or compensation insurer's cause of action to recover upon the liability of the third-party tort-feasor was newly created by statute, but the court did not say that the cause of action could exist where there was no liability upon the part of the tort-feasor in a wrongful-death action.

In *Employers Mut. Liability Ins. Co. v. Icke* (1937), 225 Wis. 304, 308, 274 N. W. 283, the court pointed out that for many years the employee's cause of action was assigned by operation of law to the employer or insurance carrier. The court explained why an independent right of action was given in 1931 to the employer and compensation insurer, but held that the right of action nevertheless remained derivative in its nature (p. 307):

"The tendency disclosed by an examination of the various amendments and revisions was toward increasing rights of the injured employee in any recovery made by the employer or insurance carrier against a third party. By the amendment in 1931, the employer and insurance carrier were no longer regarded as assignees, nor was the employee regarded as an

assignor. An independent right of action was given under the conditions stated in the statute to the employer and insurance carrier. No doubt this was done in an effort to avoid the legal implications involved in the transaction denominated an assignment, and to prevent, in cases where the employer or insurance carrier did not assert a claim against a third party, the necessity of a reassignment to the injured employee in order to entitle the employee to maintain the action. . . . While the statute as amended in 1931 gave the employer or the insurance carrier a right of action, it nevertheless remained derivative in its nature. It is apparent that the employer or insurance carrier would have no cause of action against a third party unless in the first instance a cause of action existed in favor of the employee against the third party."

General Accident further contends that independently of sec. 102.29 (1), Stats., it has a cause of action against Dewar for indemnity at common law. The theory is that there is an implied contract of indemnity between the third-party wrongdoer and the compensation insurer and that the third-party wrongdoer must reimburse the compensation insurer for the amount of money it has been compelled to pay as a result of the wrongful act of the third party. This theory was adopted in *Travelers Ins. Co. v. Northwest Airlines* (D. C. Wis. 1950), 94 Fed. Supp. 620.

It seems to us, however, that because ever since the legislature created the liability of the employer for workmen's compensation, it has approached the matter of reimbursement of the employer or compensation insurer by giving them all or a share in the liability which would otherwise exist on the part of the third-party tort-feasor to the employee, his personal representative, or survivors, the legislature did not intend that the employer should have some other type of cause of action for indemnification. We are of the opinion that an employer or compensation insurer is limited in seeking reimbursement to whatever rights are provided by the Compensation Act.

General Accident can argue very plausibly that sub. (1) of sec. 102.29, Stats., does not do it justice under the circumstances alleged in this complaint. The third-party wrongdoer has caused loss to General Accident, yet is protected from liability to it because his allegedly negligent act resulted in the death of the surviving widow, as well as the immediate death of the employee. Perhaps it would be fair to require the third-party wrongdoer to reimburse General Accident up to the amount the widow could have recovered if she had lived, but this result could not be achieved by judicial interpretation of the existing language.

As we suggested in the *Dean Case,* page 242, there may be meritorious arguments for changes in both subs. (1) and (2) of sec. 102.29, Stats., but the legislature is the proper forum for their consideration.

*By the Court.*—Judgment affirmed.