THE TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Defendant.

Supreme Court, New York County, April 2, 1932.

*William J. Moran* [*Ralph H. Terhune* of counsel], for the plaintiff.

*Charles E. Miller* [*John J. McIlhinny* of counsel], for the defendant.

COHN, J. This is a motion to dismiss the complaint for legal insufficiency. The plaintiff, an insurance carrier of Loft, Inc., seeks to recover two payments of $500 each which plaintiff was obliged to make under subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law of this State, as amended, following an award made on September 28, 1931, by the New York State Department of Labor.

The complaint alleges that one Theodore Skoczylas in the employ of Loft, Inc., on June 30, 1922, while on a ferryboat at Jersey City was killed as the result of the negligence of the defendant; that the defendant settled the cause of action with the deceased's representatives in excess of the compensation value of the loss sustained by the deceased's widow; that thereafter, it appearing that no persons were entitled to compensation, the State Department of Labor, Bureau of Workmen's Compensation, made its award under subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law in the total amount of $1,000, which the plaintiff paid, and that the plaintiff under its policy and under the terms of section 29 of the Workmen's Compensation Law (as· amd. by Laws of 1924, chap. 499) became subrogated to the rights of Loft, Inc., or its employee, and under section 29 of the Workmen's Compensation Law an independent cause of action against the defendant for the sum of $1,000 so paid by it under such award was authorized.

Section 29 of the Workmen's Compensation Law (Laws of 1922, chap. 615, as amd. by Laws of 1924, chap. 499) provides that in case of the payment of an award to the State Treasurer in accordance with subdivisions 8 and 9 of section 15 of that statute said payment " shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased."

By the provisions of the Workmen's Compensation Law an independent cause of action is thus created against the tort feasor. (*Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; *U. S. Fidelity & G. Co.* v. *Graham & Norton Co.*, 254 id. 50, 54.) The accident here occurred in the State of New Jersey. The law seems well grounded that an act of the Legislature will ordinarily be deemed to apply only within the boundaries of the State. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544, 548; *Miranda* v. *Lo Curto*, 249 id. 191, 192; *Johnson* v. *Phœnix Bridge Co.*, 197 id. 316.) Our Workmen's Compensation Law does not create a cause of action in tort against one committing a tort within another jurisdiction. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394.) However, in *Matter of Post* v. *Burger & Gohlke* (*supra*) our highest court has held that, as between employer and employee, the former may be held for compensation under the Workmen's Compensation Law even though the accident occurred outside of the State on the theory that the provisions of the statute should be applicable

in every case of injury wherever the employee is engaged in his employment. The law reads into the contract of employment the provisions of the statute, and imposes a liability *quasi ex contractu* on the employer. (See *Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9, 11.)

In the present case the obligation of the defendant to the deceased was in no sense contractual; it arose solely from the commission of the tort. The liability of the tort feasor must, therefore, be governed by the laws of the State within which the tort occurred. As there is no allegation that a cause of action of the character asserted by the plaintiff exists under the laws of the State of New Jersey, it follows that the complaint states no cause of action against the defendant. If the complaint be viewed as attempting to set forth a cause of action based upon plaintiff's right of subrogation under the policy issued by it, the motion to dismiss must be granted under rule 107, subdivision 6, of the Rules of Civil Practice, for the reason that the death occurred in the year 1922 and the cause of action was, therefore, barred by the Statute of Limitations. (*Exchange Mutual Indemnity Ins. Co.* v. *Central Hudson Gas & Electric Co.*, 243 N. Y. 75, 78.) As the complaint must in any event be dismissed, it is unnecessary to consider the question of the applicability of section 29 of the Workmen's Compensation Law to an accident occurring prior to the date it took effect. Motion to dismiss the complaint for legal insufficiency, is, therefore, granted.