### YELLOW CAB TRANSIT CO. v. OVERCASH et al.

No. 12326.

Circuit Court of Appeals, Eighth Circuit.

Dec. 23, 1942.

Henry I. Eager, of Kansas City, Mo., and Duke Duvall, of Oklahoma City, Okl. (J. B. Dudley, of Oklahoma City, Okl., on the brief), for appellant.

Paul C. Sprinkle, of Kansas City, Mo. (Charles F. Tucker, of Houston Tex., and William C. Reynolds, of Kansas City, Mo., on the brief), for appellee, Nora E. Overcash.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellant, Yellow Cab Transit Company, an Oklahoma corporation, a common carrier of freight by motor vehicle, doing business in the states of Oklahoma, Kansas, and Missouri, brought this suit in a federal district court to enjoin the appellees, Nora E. Overcash, widow of Charles Marion Overcash, deceased employee of the appellant, Margie Von Overcash, a minor child of the deceased, and Madge Overcash, divorced wife of the deceased and mother of the minor, from prosecuting before the Missouri Workmen's Compensation Commission, a claim for compensation as a result of the death of Charles Marion Overcash in the course of his employment in Missouri. Appellant also sought a declaration of the district court that the Workmen's Compensation Commission in Missouri had no jurisdiction over the proceedings instituted before it by claimants, and that an award by the Kansas Industrial Commission in favor of the appellees on the same claim was res adjudicata of the claim of appellees pending in Missouri. The members of the Missouri Workmen's Compensation Commission were joined as parties defendant.

The ground for injunction asserted by appellant was that, unless enjoined, the appellees would subject the appellant to a multiplicity of suits as a result of the proceedings sought to be enjoined. The right to a declaratory judgment was claimed on the ground that the appellees Overcash had presented their claims for compensation involved in the proceedings before the Missouri Compensation Commission to the Kansas Industrial Commission which had made an award in their favor. Alleging that the full faith and credit clause of the federal constitution, Art. 4, § 1, compelled Missouri to enforce the Kansas compensation statute in place of its own in the circumstances of this case, the appellant charged that the Missouri Compensation Commission was wholly without power to decide or even to entertain questions of the force to be given the Kansas compensation statute or the decision of the Kansas Commission made under it; and that by Missouri law, no means was provided by which the question could be raised and decided in the Missouri courts on the review of an award against appellant by the Missouri Commission. It therefore contended that in the absence of a declaration by the federal court sustaining its defense under the Kansas statute, it would be denied rights protected by the federal constitution. Appellant has elected to be bound by the respective compensation laws of Missouri and Kansas in its operations within those states. It concedes the right of the appellees to an allowance of compensation for the death of Charles Marion Overcash, in the circumstances of this case, by the Commission of either state under the law of either state, but denies that appellees are entitled to an award in both

states, and contends that the Missouri proceeding will bring about that result.

The district court was of the opinion that the facts disclosed by the evidence were not sufficient to entitle the appellant either to injunctive relief or to the requested declaration and dismissed the complaint. With this decision we agree.

The evidence discloses that Charles Marion Overcash and his wife, Nora E. Overcash, were residents of Missouri prior to the former's employment by appellant. The contract of employment, however, was entered into in Kansas, where Overcash and his wife were required to reside in order to enter appellant's employment. Overcash was required to work chiefly in Missouri and, while so engaged in the regular course of his employment, suffered injuries which caused his death. He left two dependents, his wife, Nora E. Overcash, and a minor daughter, Margie Von Overcash. At the time of his death his wife was a resident of Kansas and his daughter a resident of Missouri.

Following the death of Charles Marion Overcash, his widow employed counsel in Kansas to present to the Kansas Industrial Commission her claim against appellant for compensation under the Kansas act, Gen. St.Kan.1935, 44-501 et seq. Such proceedings were instituted and, as a result of negotiations between the parties, a stipulation was filed in the proceeding for the approval of the Kansas Commission, providing for the allowance of the maximum amount payable under Kansas law, and the matter was set down for a date certain before an examiner of the Kansas Commission.

Before the final hearing, Nora E. Overcash consulted Missouri counsel and was advised that compensation was also recoverable by her under Missouri law. Because the compensation allowed in Missouri was much in excess of that allowed in Kansas, Nora E. Overcash instituted proceedings before the Missouri Commission. In the meantime, Madge Overcash, as mother and next friend of the minor Margie Von Overcash, intervened in the Kansas proceedings on behalf of the minor. On the day set for the Kansas hearing, Nora E. Overcash and her Missouri counsel appeared before the examiner conducting the proceedings and informally requested a continuance. They advised the examiner and counsel for appellant of the claim pending before the Missouri Compensation Commission, asserted that Nora E. Overcash preferred to present her claim to that Commission, and asked permission to withdraw from the Kansas Commission the stipulation for award filed before it by the parties. Counsel for appellant strenuously objected and both requests were denied. Nora E. Overcash and her Missouri counsel thereupon departed and were not present at the hearing which followed. At that hearing the stipulation entered into between the parties was confirmed, and an award of the maximum amount allowable under the Kansas statute was made, payable one-half to Nora E. Overcash and one-half to Margie Von Overcash, the minor child.

Beyond question appellant was not entitled to injunctive relief at the hands of the federal district court. Equitable Life Assurance Society of the United States v. Wert et al., 8 Cir., 102 F.2d 10. The so-called multiplicity of suits alleged consisted of one proceeding in personam before the Missouri Workmen's Compensation Commission. An award of injunctive relief on the ground of multiplicity of suits "rests in the sound discretion of a court of equity, and a theoretical inadequacy of the legal remedy may be outweighed by other considerations." Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 70, 56 S.Ct. 1, 4, 80 L.Ed. 47. And there are other considerations of weight against injunctive relief here. One is the doubt of the power of the district court, in view of 28 U.S.C.A. § 379, to enjoin the proceedings before the Missouri Commission. Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Southern Ry. Co. v. Painter, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116. Compare United States Smelting & Refining Co. v. Evans, 8 Cir., 35 F.2d 459. Under the Missouri compensation law, Mo. Rev.Stat.1939 § 3689, et seq., Mo.R.S.A. § 3689 et seq., the Missouri Commission has exclusive jurisdiction of proceedings of the character which appellant here asks to enjoin. There is no room for doubt that the Commission not only has the power, but that it is under the duty, to decide not only the question of its jurisdiction in this case, but also the question of effect in Missouri of the Kansas compensation statute and of the award made in Kansas under it; nor that its decision on these questions is reviewable by the courts of Missouri under the procedure provided by the Missouri compensation law. Liechty v. Kan-

sas City Bridge Co., 162 S.W.2d 275. In this case, which is the last available decision of the Supreme Court of Missouri on the question involved, it is pointed out that while the Missouri Commission is not a court in a strict constitutional sense, it is, nevertheless, charged under Missouri law with judicial functions and powers and is compelled, in the discharge of its duties under the act, to exercise judicial power and authority. It is, for all practical purposes, the Missouri court of original jurisdiction of claims for compensation arising under the Missouri law. Its awards are reviewable on appeal to the Missouri courts, which may modify or reverse, remand for rehearing, or set aside the decisions of the Commission because without or in excess of its powers, procured by fraud, or not supported by the facts found by the Commission or not warranted by sufficient competent evidence in the record. Mo.Rev. Stat.1939, § 3732, Mo.R.S.A. § 3732. Moreover, the multiplicity of suits of which appellant complains is largely of its own making. But for its objection, appellees would have dismissed the Kansas proceeding in favor of the one pending in Missouri. And the Missouri Commission was required, in making or refusing an award, to take into consideration any benefit received by appellees under the Kansas award. Mo.Rev. Stat.1939 § 3712, Mo.R.S.A. § 3712.

Appellant's contention that the district court abused its discretion in dismissing the complaint for a declaratory judgment is wholly without merit. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620. Among the considerations controlling a federal district court in the exercise of its discretion in a declaratory judgment suit, an important one is whether the proceeding may be better settled in the state court, entailing inquiry into the scope of the proceeding pending there and the nature of the defenses open to the defendant. The grounds which appellant advances here in support of its petition for a declaratory judgment, as we have seen, may be presented as defenses before the Missouri Compensation Commission and before the Missouri courts to which appellant has the right to appeal. Questions of the power and jurisdiction of the Missouri Compensation Commission, of the effect of the award of the Kansas Commission as res adjudicata in the proceedings now pending in Missouri, and of the relative governmental interests as between Kansas and Missouri involved in the proceeding, are primarily questions for decision by the Missouri court. The full faith and credit clause of the federal constitution does not require Missouri to give effect to the Kansas compensation statute in preference to its own, when doing so would run counter to the domestic policy of Missouri as evidenced by its compensation statute. Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; Alaska Packers' Ass'n v. Industrial Accident Commission, 294 U. S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A. L.R. 696. "Nothing in the Constitution ensures unlimited extraterritorial recognition of all statutes or of any statute under all circumstances." Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477. Whether the enforcement of the Kansas statute by Missouri, in preference to its own, runs counter to Missouri domestic policy, is a question of first importance in the proceeding in Missouri, exclusively for the decision of Missouri courts. In so far as appellant's rights in the present litigation may be controlled by the federal constitutional requirement that Missouri give full faith and credit to the Kansas statute or to the award of the Kansas Commission considered as a judgment of a Kansas court, it is sufficient to say here that the courts of Missouri have the same duty as this court with respect to the enforcement of the federal constitution. We can not assume that the Missouri court will fail to uphold appellant's constitutional rights, but if there is a failure of the state court in this respect, the ultimate vindication of any federal right of appellant rests in the Supreme Court of the United States and not with the lower federal courts. Southern Ry. Co. v. Painter, supra. Intervention by a federal district court at the present stage of the Missouri proceeding, upon the mere anticipation that a federal question may arise in its progress through Missouri courts, would be a "gratuitous interference with the orderly and comprehensive dispo-

sition of a state court litigation." Brillhart v. Excess Ins. Co. of America, supra; City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 988, 86 L.Ed. 1355.

The judgment of the district court is affirmed.