## OLSON v. HIEL et al.
### No. 13912.

United States Court of Appeals
Eighth Circuit.
Nov. 3, 1949.

Ira C. Peterson, Jr., Minneapolis, Minn. (Freeman, King, Larson & Peterson, Minneapolis, Minn., were on the brief), for appellant.

Archie L. Gingold, St. Paul, Minn., for appellee Minnie Hiel.

Leavitt R. Barker, Minneapolis, Minn. (Charles F. Noonan and Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., were on the brief), for appellee Rudolph Aberg.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

Minnie Hiel, a citizen of Wisconsin, brought this action against Rudolph Aberg and Grant K. Olson, citizens of Minnesota, to recover for personal injuries resulting from the collision of Aberg's automobile, in which she was riding, with the automobile of Olson. The collision occurred on the evening of November 21, 1947, just north of St. Paul, Minnesota, in the intersection of two double-lane highways known as United States Highways Numbers 8 and 10. In her complaint the plaintiff alleged that the accident and her injuries were caused by the negligence of both drivers. Aberg in his answer admitted the collision, admitted that Olson was negligent, but denied that he, Aberg, was negligent. Olson in his answer also admitted that the collision occurred, but denied that he was

negligent and asserted that the accident and the plaintiff's injuries were due solely to the negligence of Aberg. The issues were tried to a jury, which returned a verdict for the plaintiff for $10,000 against Olson, and a verdict for Aberg. This meant that, under the evidence and the instructions of the court, the jury found that Olson was solely to blame for the collision and the plaintiff's injuries. Judgment was entered on the verdicts, and this appeal followed.

Olson presents two questions for review: (1) Did the court err in refusing to instruct the jury as follows:

"Where a highway includes two roadways 30 feet or more apart, then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two roadways 30 feet or more apart, then every crossing of two roadways of such highways shall be regarded as a separate intersection." [1]

(2) Did the court err in commenting upon the testimony of Olson's witnesses? If the first question is answered in the affirmative, it will be unnecessary to consider the second question, since there is no reason to anticipate that the same comment, whether proper or improper, will be made upon a retrial. The controlling substantive law is that of Minnesota.

At the point where the two highways in suit intersect, the lanes of each are more than 30 feet apart. The lanes of each highway up to the point of intersection are separated by a boulevard. The highways do not intersect at right angles. Highway Number 8 runs from Minneapolis north to Forest Lake. Highway Number 10 runs from St. Paul to and through Anoka in a northwesterly direction. North bound traffic on Highway Number 8 uses the east lane of that highway, and south bound traffic uses the west lane. These lanes will be referred to, respectively, as the north bound lane and the south bound lane of Highway Number 8. Northwest bound traffic on Highway Number 10 uses the right-hand lane as one faces northwest, and southeast bound traffic uses the opposite lane. These lanes will be referred to, respectively, as the northwest bound lane and the southeast bound lane of Highway Number 10. The intersection of the highways is protected by traffic lights electrically operated. When the lights controlling traffic on the lanes of Highway Number 10 are green at the intersection, those controlling the lanes of Highway Number 8 are red, and vice versa. In other words, when the lights indicate "Go" on both lanes of one highway, they indicate "Stop" on both lanes of the intersecting highway.

The plaintiff's testimony showed that, shortly before the accident occurred, she and her brother were riding with Aberg in the northwest bound lane of Highway Number 10; that they intended to turn right into the north bound lane of Highway Number 8 and to proceed to and through Forest Lake, Minnesota; that they inadvertently failed to turn right onto Highway Number 8, and at the next crossover on Highway Number 10 turned left into the southeast bound lane of that highway and returned to the intersection; that, as they reached the intersection, the traffic light facing them was green; that they turned left immediately, making what is

---

1. The requested instruction was based on Minn.Stat.Anno., § 169.01, Subd. 36, subparagraph (b). Sec. § 169.01, Subd. 36, reads as follows:

§ "169.01 Definitions

\* \* \* \* \* \*

"Subd. 36. Intersection. (a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another, at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.

"(b) Where a highway includes two roadways 30 feet or more apart, then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two roadways 30 feet or more apart, then every crossing of two roadways of such highways shall be regarded as a separate intersection."

usually known as an inside left turn, and proceeded diagonally across the intersection between two small concrete islands, which are some 50 feet apart, toward the north bound lane of Highway Number 8; that as they reached a point in the intersection opposite the northwest bound lane of Highway Number 10, the car in which they were riding was struck about the center of its right side by the front of the Olson car coming from their right on that lane. It appears that Olson was in the proper lane of Highway Number 10 for northwest bound traffic, and that the traffic light which controlled that lane was green as he entered the intersection.

There was testimony that it was proper to make such a left turn as Aberg made, but the trouble with the route which he took to cross the intersection was that it apparently deprived him of any protection from the traffic lights. Had he continued straight ahead on the southeast bound lane of Highway Number 10 until he reached the point in the intersection where north bound traffic on Highway Number 8 crosses that lane, and then made a sharp turn to the left, he would have been faced by a red traffic light as he approached the northwest bound lane of Highway Number 10, indicating that traffic moving on that lane of Highway Number 10 had the right of way. We do not mean by this to intimate that Aberg was necessarily guilty of negligence as a matter of law in choosing his route through the intersection, but merely to point out that it was not impossible for him to have retained the protection of the traffic lights in making a left turn from Highway Number 10 to Highway Number 8.

The conduct of Olson in entering the intersection on a green light, assuming that he was otherwise in the exercise of due care, was not imprudent if the intersection of the northwest bound lane of Highway Number 10 with the north bound lane of Highway Number 8 was a separate intersection, as he contends. He would naturally assume that he had the right of way over cars coming across the intersection of his traffic lane from the left or right. A motorist would not ordinarily be warranted in stopping at such an intersection on a green light unless he knew, or could be charged with knowledge, that there was danger of a collision if he proceeded.

The trial court was evidently of the opinion that the intersection in suit was or ought to be regarded as the intersection of two single-lane highways, and that the conduct of Aberg and Olson should be judged accordingly. We think that that position is untenable under Minnesota law, and that the jury should have been given the instruction requested by Olson. The contention that the route followed by Aberg across the intersection should be regarded as an uncontrolled route in a controlled intersection is, we think, unsound. A driver who, like Olson, is facing a green light in his lane of such an intersection ought not to be required to anticipate that the intersection may contain one or more uncontrolled routes and that he may suddenly be confronted with cross traffic, notwithstanding the signal directing him to proceed.

We are of the opinion that, under Minnesota law, the intersection of the northwest bound lane of Highway Number 10 with the north bound lane of Highway Number 8 is a separate intersection. With that question settled, it should not be difficult to retry the issue of liability and to submit the case to the jury under proper instructions.

There is, we think, no sound reason why the plaintiff should be put to the trouble and expense of again proving her damages. No contention is made that the issue of damages was improperly tried. Concededly, she was injured as the result of the collision, and her injuries were due to the negligence of one or both of the defendants. The only actual controversy is over the issue of liability. That issue alone should be retried. Compare, May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842–843.

The motion of the appellee Minnie Hiel to dismiss the appeal for failure of the appellant to file his brief within the time prescribed by the Rules of this Court is denied.

The judgment appealed from is reversed, with directions to set aside the verdicts in so far as they constitute a determination of the issue of liability and to grant a new

trial of that issue only. The jury's determination of the amount the plaintiff is entitled to recover will not be disturbed. The costs on this appeal will be assessed against the appellee Aberg.