MIDDLE ATLANTIC TRANSPORTATION Co., INC., et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31711.)

Court of Claims, August 9, 1954.

*Thomas F. Tracy* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Douglas L. Manley* of counsel), for defendant.

LAMBIASE, J. · This is a motion made by the State of New York to dismiss the claim upon the following grounds: (1) That it does not state facts sufficient to constitute a cause of action; (2) That the court has not jurisdiction of the subject matter; and (3) That claimants have not legal capacity to sue in that they are not the proper parties.

Prior to February 22, 1951, one Kirby Hall, a truck driver and resident of the State of Michigan, and claimant Middle Atlantic Transportation Co., Inc. (hereinafter referred to as '' claimant-employer ''), entered into a contract of employment in the said State whereby the latter employed the former to drive trucks in various States. On February 22, 1951, while in the course of his employment thereunder, and, while driving in the State of New York, Hall was involved in an accident and sustained personal injuries allegedly caused by the negligence of the State of New York, '' in connection with the construction, reconstruction, and/or maintenance of a highway known and designated as Route 5, which runs in a generally easterly and westerly direction between the City of Schenectady and the City of Amsterdam, New York.''

At the time of the making of said contract of employment, claimant-employer was doing business in the State of Michigan, and, pursuant to the laws of that State, had procured, and there was in full force and effect on February 22, 1951, a policy of workmen's compensation or employer's liability insurance issued by claimant Associated Indemnity Corporation to claimant-employer, under which policy claimant-employer was duly insured against liability arising under the Workmen's Compen-

sation Law of said State. Hall elected to and did receive compensation benefits under the Michigan Compensation Act prior to the filing of this claim. It is not entirely clear whether claimant-employer, as self-insurer, paid any part of the benefits, or whether claimant Associated Indemnity Corporation paid the entire amount of the benefits to Hall. The fact is that either one or both of the claimants paid said benefits to Hall, and they are both before us.

The Michigan statute involved herein, as of the time of Hall's injuries, read as follows: " Sec. 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person." (Comp. L. Michigan, 1948, § 413.15; Act No. 10, Public Acts of 1912, as amd.)

Claimants contend that by operation of the foregoing Michigan statute, Kirby Hall, having exercised his option to proceed against his employer for compensation thereunder, divested himself of all legal right to proceed against the alleged third-party tort-feasor, and that, simultaneously, the sole right to proceed and to recover against said third-party tort-feasor was conferred upon and transferred to the employer. They contend further: that the rights of Kirby Hall and of claimant-employer as fixed in the Michigan statute should and will be recognized and should and will be given full force and effect everywhere; that the statutory transfer from the injured person to the employer of the right to proceed against a third-party tort-feasor is not repugnant to the public policy of this State; and that a comparable provision was as of the date of Hall's injury and now is contained in section 29 of the Workmen's Compensation Law of this State.

It is the position of the State of New York that claimants cannot maintain this action in the State of New York to reimburse themselves for payments of compensation benefits already made and to be made to Hall in the future under the Michigan statute except by virtue of some statutory assignment or subrogation; that the statutory assignment provided for by the Michigan statute cannot and does not apply herein, since the

alleged tort-feasor, being the State of New York, all of the rights and obligations of the State of New York, as an alleged tort-feasor, are to be determined by the law of this State and not by the law of the State of Michigan. In short, it is the position of the State of New York that, under the facts herein, the assignment provision hereinbefore quoted of the Michigan statute is not to be given extraterritorial effect by this court.

Subdivision 1 of section 29 of the Workmen's Compensation Law of the State of New York provides for an assignment of a cause of action for personal injury against a third party where compensation has been taken by an injured employee under said law, which provision creates an exception to the general rule that a cause of action to recover damages for personal injury cannot be transferred or assigned. However, claimants do not and cannot assert the right to maintain the instant action by virtue of said section 29.

It would seem that what was said by the Court of Appeals of the State of New York (LEHMAN, J.), in *General Acc. Fire & Life Assur. Corp.* v. *Zerbe Constr. Co.* (269 N. Y. 227, 231), is applicable and binding: " The accident occurred here. The action has been brought here, and the right of the plaintiffs to maintain this action must be determined under the law of this State. (Cf. American Law Institute, Restatement of the Law of Conflict of Laws, §§ 378 and 588; *Herzog* v. *Stern,* 264 N. Y. 379.) Under the law of this State, a cause of action to recover damages for a personal injury cannot be transferred (Pers. Prop. Law [Cons. Laws, ch. 41], § 41), and cannot be split up. (*United States F. & G. Co.* v. *Graham & Norton Co.,* 254 N. Y. 50.) "

We have concluded that under the circumstances herein, the assignment provision of the Michigan statute hereinbefore quoted has no extraterritorial jurisdiction, that claimants may not have the same applied herein, and that claimants' claim does not state facts sufficient to constitute a cause of action and that claimants are not the proper parties.

In the light of our conclusions, the motion of the State of New York must be and hereby is granted and the claim herein must be and hereby is dismissed.

Submit order accordingly.