EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff and Respondent, vs. DE BRUIN, Defendant and Respondent: NORTHWESTERN NATIONAL CASUALTY COMPANY, Defendant and Appellant.

*November 10—December 6, 1955.*

For the appellant there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton.*

For the respondent Employers Mutual Liability Insurance Company there was a brief by *Klueter, Larson & Fassino* of Wausau, and *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

For the respondent Thomas De Bruin there was a brief by *Van Hoof & Van Hoof* of Little Chute, and oral argument by *G. H. Van Hoof.*

MARTIN, J.    Sec. 102.29 (2), Stats., provides:

"In the case of liability of the employer or insurer to make payment into the state treasury under the provisions of section 102.49 or 102.59, if the injury or death was due to the actionable act, neglect, or default of a third party, the employer or insurer shall have a right of action against such third party for reimbursement for any sum so paid into the state treasury, which right may be enforced either by joining

in the action mentioned in subsection (1), or by independent action. . . ."

Appellant contends first that the liability created by sec. 102.49 (5), Stats., and recoverable from the third party under sec. 102.29 (2) is not a liability for "damages" within the terms of its policy which provides as follows:

"Coverage H—Bodily Injury Liability.
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

As stated in 25 C. J. S., Damages, p. 452, sec. 1:

"The term 'damages' in its legal sense may be defined as meaning the compensation which the law will award for an injury done; a compensation, recompense, or satisfaction in money for a loss or injury sustained."

In *Hagenah v. Lumbermen's Mut. Casualty Co.* (1942), 241 Wis. 226, 234, 5 N. W. (2d) 760, this court said:

"Compensation is an element in every recovery for damages whether in tort or upon contract. Workmen's compensation is nothing more than a particular kind of damage."

With emphasis on the compensable character of damages, as set forth in the above case and other authorities, appellant urges that a payment to the state under sec. 102.49 (5), Stats., is in the nature of a penalty or tax rather than compensatory and thus does not impose a liability for "damages." In our opinion, it is immaterial whether the payment under that section is characterized as a penalty or compensation. If, indeed, it is a penalty imposed by the state for a wrong done, as contended by the appellant, it is imposed on the compensation carrier for a wrong done by a

third party. In any event, when the compensation carrier pays the obligation thus imposed, it suffers damages to the extent of such payment which are attributable to the wrongful act of the third party. The recognition of this fact is the basis for the provisions of sec. 102.29 (2).

Appellant's second argument is that recovery is barred by the following exclusion clause of its policy:

"This policy does not apply: . . .
"(e) under coverage H, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

We cannot see how this exclusion helps the appellant. The insured here is Mr. De Bruin. Any obligation under the Workmen's Compensation Law is an obligation arising from the relationship of employer and employee. Not being Earl Kieffer's employer, Mr. De Bruin incurred no liability under the act. His obligation to reimburse the respondent arises from his alleged tort, an obligation for which the appellant provided coverage in its insurance contract. The cause of action is one at common law; the fact that it is recognized in a section of the Workmen's Compensation Law does not change the fact that De Bruin's liability is based upon his wrongful acts. See *Severin v. Luchinske* (1955), ante, p. 378, 73 N. W. (2d) 477. Sec. 102.29 (2), Stats., applies where an employer or his insurer has sustained loss by reason of the negligence of a third party. Obligations under the compensation act arise without regard to wrongdoing; the liability under sec. 102.29 (2) is grounded in fault.

The trial court held:

"It seems clear to the court that exclusion (e) simply removes from coverage such losses as are incurred by the defendant and imposed upon him when he is subject to the compensation act.

"The loss incurred here is not imposed upon De Bruin by the compensation act, but the basis of his potential liability is his causal negligence under the common law.

"The intent of the policy is clearly to remove from its coverage such liabilities as the named assured assumes as an employer."

Appellant's motion for summary judgment was properly denied.

*By the Court.*—Order affirmed.