The **SHELBY MUTUAL INSURANCE COMPANY** of Shelby, Ohio, a corporation, Plaintiff,

v.

**GIRARD STEEL SUPPLY CO.**, a corporation, Defendant.

No. 3–63–Civ–234.

United States District Court
D. Minnesota,
Third Division.

Dec. 20, 1963.

William J. Baudler, Baudler & Baudler, Austin, Minn., for plaintiff.

Ray G. Moonan, Moonan & Moonan, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This expression is occasioned by defendant's motion for summary judgment or for dismissal on the several grounds set out in the footnote.[1]

Jurisdiction is based on allegations of diversity and the requisite amount in controversy. The plaintiff is an Ohio corporation with its principal place of business at Shelby, Ohio, and the defendant is a Minnesota corporation with its principal place of business at St. Paul, Minnesota.

It appears from the pleadings that on the 6th day of April, 1961, one Harold N. Stoffel, while riding as a passenger in an automobile being operated by his son, David Stoffel, was killed, allegedly as a result of an accident with a car being driven by John W. Coolidge, defendant's employee. The accident occurred in Minnesota, near Minnesota City. It is admitted that at the time of the accident Coolidge was in the course of his employment with the defendant, and that Harold N. Stoffel was in the course of his employment as a minister of the English Luthern Church of the Holy Trinity, LaCrosse, Wisconsin. It is further admitted that at the time of the accident, plaintiff was the Workmen's Compensation insurance carrier for said

---

1. (1) That plaintiff's complaint does not state facts sufficient to constitute a cause of action.

(2) That the Court does not have jurisdiction of the subject matter of the action.

(3) That plaintiff does not have legal capacity to sue and that it is not the proper party plaintiff.

(4) That the accident referred to in the complaint herein resulting in the death of Harold N. Stoffel and his wife, Bertha C. Stoffel, giving rise to the tort action for negligence here, occurred within the state of Minnesota and is subject to and controlled by the law of the place where the injury was inflicted in determining whether or not there was or is a cause of action.

(5) That the only cause of action which survives Harold N. Stoffel and Bertha C. Stoffel under the laws of the State of Minnesota is controlled by Minnesota Statutes 573.01 and 573.02.

(6) That the cause of action and remedies here are limited to the state where the accident occurred and the injuries were inflicted and that the laws and statutes of the State of Wisconsin have no extraterritorial effect and that Section 102.29, subdivision (2) and Section 102.-49 of the Workmen's Compensation Act of the State of Wisconsin have no application or any extraterritorial effect that gives rise to a cause of action within the State of Minnesota, but the rights and remedies provided for with respect to this accident and the survivorship of a cause of action with respect thereto are limited to and controlled by Section 573.01 and Section 573.02 of Minnesota Statutes Annotated.

(7) That there is another action pending brought by the next of kin of Harold N. Stoffel in this same Court under the provisions of Sections 573.01 and 573.02 of Minnesota Statutes Annotated, and that said plaintiff by its action here, even if it stated a cause of action which was allowable, which we submit it is not, cannot split the cause of action allowed by the provisions of Sections 573.01 and 573.02 to permit of two recoveries, both by the next of kin under said statutes, and by direct action by the plaintiff herein, as plaintiff is attempting to do here, where a cause of action is pending under Sections 573.01 and 573.02 by the next of kin and plaintiff is bringing a direct action under the laws of the State of Wisconsin, which have no extraterritorial effect.

church, and that under Section 102.49 of the Workmen's Compensation Act of the State of Wisconsin the plaintiff was obliged to and did pay into the state treasury of the State of Wisconsin a sum of money specified by the statute.

Plaintiff brings this action under subdivision (2) of Section 102.29 of the Wisconsin Workmen's Compensation Act,[2] alleging that the accident was the proximate result of the negligence of defendant's employee, and demands judgment in the amount plaintiff was required to pay into the state fund, with interest. Section 102.29(2) W.S.A., gives the employer or insurer who is required to make payment into the State treasury an *independent cause of action*, Employers Mutual Liability Ins. Co. of Wisconsin v. Mueller, 273 Wis. 616, 79 N.W.2d 246, 248 (1956), against a third party for reimbursement for any sums so paid if the injury or death of the employee was due to the actionable act, neglect or default of the third party. It creates a cause of action for *reimbursement* and not for *damages*, Wisconsin Power and Light Co. v. Dean, 275 Wis. 236, 81 N.W.2d 486, 488 (1957), and the right to maintain the action is based on the statute and is *not dependent* on any contractual theory of subrogation or assignment. Employers Mut. Liability Ins. Co. v. Icke, 225 Wis. 304, 274 N.W. 283, 285 (1937).

Under Wisconsin law, where an employee has been killed and an employer or insurer is compelled to pay a statutory amount into the state treasury, a cause of action for reimbursement is *not* dependent upon the existence of a survivor who could be a beneficiary of a wrongful death action. See Murray v. Dewar, 6 Wis.2d 411, 94 N.W.2d 635, 647 (1959). Likewise, the right to reimbursement from a third-party tort feasor of *all* of the amount so paid, is independent of any amount recoverable by beneficiaries un-

der the wrongful death statute. Mueller case, supra, at 79 N.W.2d 249.

Plaintiff argues in substance: First, that since the Wisconsin statute gives rise to an independent action for reimbursement in favor of the employer or insurer against the tort feasor, and as this action is separate and distinct from the wrongful death action of the next of kin, the action is founded upon a Wisconsin contract, and the substantive law of Wisconsin is the applicable law. Second, that Wisconsin Workmen's Compensation Statutes are entitled to extraterritorial application, and that the cause of action is a transitory one which is entitled to enforcement where the defendant can be found.

### CONTRACT vs. TORT LIABILITY

██ The contention that this action is one in contract and therefore governed by the laws of Wisconsin is without merit. Plaintiff bases this argument on a statement made by the Wisconsin Supreme Court in Western Casualty & Surety Co. v. Shafton, 231 Wis. 1, 285 N.W. 408 (1939) that the insurer's recovery is for a specific sum of money made recoverable by statute, and hence an action on contract or quasi-contract. This reasoning appears to have been abandoned by the Wisconsin Supreme Court as a more recent decision construes the nature of an insurer's cause of action under the act in the following language:

"(The third party's) obligation to reimburse the (insurer) arises from his alleged tort, * * *. The cause of action is one at common law; *the fact that it is recognized in a section of the workmen's compensation law does not change the fact that (the third party's) liability is based upon his wrongful acts.* See Severin v. Luchinske, [271 Wis. 378]. 73 N.W. 2d 477. Sec. 102.29(2) applies where

2. "(2) In the case of liability of the employer or insurer to make payment into the state treasury under * * * s. 102.-49 or 102.59, if the injury or death was due to the actionable act, neglect or default of a third party, the employer or

insurer shall have a right of action against such third party * * * to recover the sum so paid into the state treasury, which right may be enforced either by joining in the action mentioned in sub. (1), or by independent action."

an employer or his insurer has sustained loss by reason of the negligence of a third party. Obligations under the compensation act arise without regard to wrongdoing; the liability under sec. 102.29(2) is grounded in fault." Employers Mutual Liability Ins. Co. v. De Bruin, 271 Wis. 412, 73 N.W.2d 479, 481 (1955) (Emphasis added).

Thus the Supreme Court of Wisconsin recognizes that the third party's liability is grounded in tort and not contract. The fact that the insurer's cause of action is created by statute and is not derivative in the sense that it is based on a contractual theory of assignment or subrogation, does not afford the insurer a more advantageous position than that enjoyed by the injured employee under tort law or his representatives under a wrongful death statute. While the cause of action created under this section is independent of and in addition to a cause of action under tort law or one created by a wrongful death statute, the action is derivative in the sense that these actions are predicated upon the common negligent conduct of a third party, and, in the absence of any wrongdoing, there can be no recovery.

■ In the instant case the employee was killed in Minnesota by the alleged negligent acts of defendant's employee. The obligation of the defendant is in no sense contractual, but arises solely from the commission of the alleged tort in Minnesota. In the vast majority of the states, including Minnesota, the existence of a cause of action for negligence and the extent of the damage recoverable is determined by reference to the substantive laws of the lex loci delicti. Richards v. United States, 369 U.S. 1, 11 (n. 24), 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); Gentry v. Jett, 273 F.2d 388 (8th Cir. 1960); Olson v. Hiel, 177 F.2d 552 (8th

Cir. 1949); Bond v. Pennsylvania R. Co., 124 Minn. 195, 144 N.W. 942 (1931); Negaubauer v. Great Northern Ry. Co., 92 Minn. 184, 99 N.W. 620 (1904). It is not contended that a cause of action of the nature asserted by the plaintiff exists under the laws of the State of Minnesota. So that unless the Wisconsin statute is entitled to extraterritorial application the complaint fails to state a cause of action against the defendant.[3]

## EXTRATERRITORIAL OPERATION

■ The vital question at issue is whether a cause of action for reimbursement, created by a foreign workmen's compensation law in favor of an employer or compensation insurer who is required to make a payment under such statute, is entitled to extraterritorial effect in an action in the locus delicti against the alleged third party tort feasor.

In support of this theory the plaintiff contends that most workmen's compensation acts have been held to have extraterritorial application, and cites McKesson-Fuller-Morrison Co. v. Industrial Commission, 212 Wis. 507, 250 N.W. 396 (1933), and Brameld v. Albert Dickinson Co., 186 Minn. 89, 242 N.W. 465 (1932) as so holding with respect to the Wisconsin and Minnesota Workmen's Compensation Acts. These cases, of course, do not hold that the workmen's compensation acts are entitled to extraterritorial effect, but decided in accordance with the weight of American authority that an employee may recover compensation under the statute in force in the state of employment though the injury occurred elsewhere.[4] These cases are based on the premise that the obligation to pay compensation is a *statutory regulation* of the relation of employer and employee, and, as industry should bear the burden of accidents incident to its operation,

3. Several New York cases are analogous to this situation, see, Middle Atlantic Transportation Co. v. State of New York, 206 Misc. 535, 133 N.Y.S.2d 901 (1954); Royal Indemnity Co. v. Atchison, T. & S. F. Ry. Co., 272 App.Div. 246, 70 N.Y.S.2d 697 (1947); Travelers' Ins. Co. v. Central R. Co. of New Jersey, 143 Misc. 589, 258 N.Y.S. 35 (1932).

4. Goodrich, Conflict of Laws, s. 100, p. 284, n. 82 (3d ed. 1949).

the attainment of this policy requires that the statute of the place of employment applies whether the injury occurs within or without this state. It is misleading to construe these cases as holding that a cause of action for reimbursement created by a workmen's compensation statute in favor of an employer or insurer is entitled to enforcement as a transitory cause of action in a foreign forum where the accident occurred and where the third party is amenable to suit.

The Wisconsin Supreme Court would even reject this imaginative concept. As was stated in Anderson v. Miller Scrap Iron Co., 169 Wis. 106, 170 N.W. 275, 278 (1919), "It is obvious that the Workmen's Compensation Act ex propria vigore can have no extraterritorial effect."

■ This position was further emphasized in Bernard v. Jennings, 209 Wis. 116, 244 N.W. 589, 591 (1932):

"The liability of the (third party) for the wrongful act * * * committed by him in the state of Indiana, arises under the law of the state of Indiana and the law of that state determines not only the source of the obligation but its extent. That liability cannot be affected by a law of the state of Wisconsin. *All legislation is prima facie territorial and it does not operate beyond the limits of the jurisdiction in which it is enacted.* New York Central Railroad v. Chisholm, 268 U.S. 29, 45 S.Ct. 402, 69 L.Ed. 828, 38 A.L.R. 1048." (Emphasis added).

There the Court held that the workmen's compensation statute did not operate to diminish a recovery under Indiana law by the deceased employee's representatives by the amount of compensation awarded under the act, and noted that on the contrary the act provided an *additional* liability in the form of reimbursement of the compensation insurer.[5] These cases indicate that the Wisconsin Supreme Court construes the provisions in the Wisconsin Workmen's Compensation Act giving the employer or his insurer rights in the recovery from a third person as having no extraterritorial effect. Van Wie v. United States, 77 F. Supp. 22, 31 (N.D.Iowa 1948).

It is logical to conclude then that a cause of action created by the act in favor of the employer or insurer may be directly enforced only when the accident resulting in the statutory liability occurs within the state of Wisconsin. In this situation the laws of Wisconsin would govern the rights and liabilities of the parties; and a cause of action in favor of the employer or insurer *may* be entitled to enforcement in a foreign state, where such enforcement would not be obnoxious to the public policy of the forum, Pacific Employers Insurance Co. v. Industrial Accident Comm., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); or where the liability imposed is not deemed a penal one, see Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516 (1912).

■ However, in the instant case the accident occurred in Minnesota and the controlling law is of that state. To impose upon Minnesota courts the duty to recognize a cause of action conferred by Wisconsin statutes, is clearly giving extraterritorial effect to the statute, which not only exceeds the power of the Wisconsin legislature, but the jurisdictional area within which the statute expressly operates.

■ The plaintiff has not cited nor has the Court found a case holding that a cause of action created by a foreign

---

5. The Wisconsin Courts have apparently refrained from ruling that this reimbursement is in the nature of a penalty, Employers Mutual Liability Ins. Co. v. De Bruin, 271 Wis. 412, 73 N.W.2d 479, 481 (1955), and while Minnesota is not bound by this determination, it will be assumed for purposes of this motion that there would be no enforcement of the penal laws of another state, which no state is required to do. Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239 (1888); see, Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 490, 32 S.Ct. 205, 56 L.Ed. 516 (1912).

workmen's compensation statute in favor of an employer or compensation insurer for reimbursement against a third party tort feasor, is entitled as a matter of right to extraterritorial operation in the courts of the state where the accident occurred. It is manifest from the Wisconsin cases cited above, and from the Minnesota decisions and general law as well,[6] that workmen's compensation statutes of one state do not have extraterritorial force in another state.

Although not considered in the briefs, it is well established that Minnesota is not bound by the Full Faith and Credit Clause of the United States Constitution (Article 4, Section 1) to apply the Wisconsin Workmen's Compensation Act. Pacific Employers Insurance Co. v. Industrial Accident Comm., supra; Yellow Cab Transit v. Overcash, 133 F.2d 228, 232 (8th Cir. 1942); Greene v. Verven, 204 F.Supp. 585, 586 (D.Conn. 1959). The United States Supreme Court has held that "[n]othing in the Constitution ensures unlimited extraterritorial recognition of all statutes or of any statute under all circumstances." Klaxon Co. v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Indeed, it is a long-established doctrine that the laws of foreign states and the rights and obligations arising thereunder must yield when they conflict with statutes of the forum. Green v. Van Buskirk, 5 Wall. 307, 72 U.S. 307, 18 L.Ed. 599 (1866); see In re Pratt, 219 Minn. 414, 18 N.W.2d 147, 153 (1945).

While Minnesota courts could grant comity to the Wisconsin Act, this court is governed by the substantive law, including the conflict of laws rules, Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941); Klaxon Co. v. Stentor, supra, of the state of Minnesota in determining the existence of a cause of action and the measure of damages. This rule applies especially where there are policies and interests of the state to be maintained. See Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955); Yellow Cab Transit v. Overcash, supra.

Although there is no Minnesota case directly passing on the issue presented here, it is clear that there are basic interest and policy considerations which must be maintained, and which dictate that comity should not be extended to recognize this cause of action. Maintenance of this action would not only be "obnoxious" to these policies, but indeed to the very basis of the concept that the rights and liabilities of the parties are governed by the lex loci delicti.[7]

As the accident in this case resulted in the death of the employee, maintenance of any cause of action against an alleged tort feasor must be predicated upon the Minnesota Wrongful Death Statute.[8] While the plaintiff would argue that its cause of action is not predicated upon this statute, it is clear that its action is in *tort* and not contract, and it is fundamental that the lex loci

6. In re Pratt, 219 Minn. 414, 18 N.W.2d 147, 153 (1945); Rottschaefer, Constitutional Law, Sec. 100, p. 135 (1939).

7. This Court need not consider the effect of Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932) which decided that the Full Faith and Credit Clause required that the accident state apply the provisions of the Compensation Act of the employment contract state where they raised a valid defense, thus effectively depriving the former state of the power to apply its own law thereto. This case is clearly distinguishable and has been substantially restricted in Alaska Packers Ass'n v. Industrial Accident Commission, 294 U.S.

532, 55 S.Ct. 518, 79 L.Ed. 1044 (1934); and Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); and was impliedly overruled in Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955).

8. *"573.01 Survival of causes.*
"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. It also dies with the person against whom it exists, except a cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representatives. All

delicti determines whether a tort claim for damages survives the death of either the tort feasor or the injured person. Allen v. Nessler, 247 Minn. 230, 76 N.W. 2d 793 (1956); Chubbuck v. Holloway, 182 Minn. 225, 234 N.W. 314, rev'd on other grounds, 182 Minn. 225, 234 N.W. 868 (1931); GOODRICH, CONFLICT OF LAWS, § 101. Consequently where the forum does recognize the survival of a cause of action, an action for damages resulting from an alleged tort must be predicated upon the local survival statute.

■■■■■■■ The Minnesota Wrongful Death Act limits the recovery that may be had to $25,000, and states that it "shall be for the exclusive benefit of the surviving spouse and next of kin, * * *." Because at common law no action would lie for an injury resulting in death, it follows that where a right of action is given by statute, an action can be maintained only for the benefit of the persons named in the statute, and

then only for the recovery of such damages as are contemplated by it. Swift & Co. v. Johnson, 138 F. 867, 869 (8th Cir. 1905); Scheffler v. Minneapolis & St. Louis Ry. Co., 32 Minn. 125, 19 N.W. 656 (1884); Cf. Beck v. Groe, 245 Minn. 28, 70 N.W.2d 886, 52 A.L.R.2d 875 (1955). These sections create the only cause of action surviving the death of an injured person, and under Minnesota law damages for personal injury constitute a single, indivisible cause of action, Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236 (1942), which cannot be split. Myhra v. Park, 193 Minn. 290, 258 N.W. 515 (1935).

■■■■■ Under the Minnesota Workmen's Compensation Law, M.S.A. § 176.-061, there is no provision similar to the Wisconsin statute. The act clearly indicates that recovery against a third party tort feasor is limited to the employee or his dependents, and if compensation is accepted, the employer is only

other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

"573.02  Action for death by wrongful act.

"Subdivision 1. When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 2 may maintain an action therefor if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission. The action may be commenced within three years after the act or omission. The recovery in such action is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $25,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then, determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. Funeral expenses and any demand for the support of the decedent, other than old age assistance, allowed by the court having jurisdiction of the action, are first deducted and paid.

"If an action for such injury was commenced by the decedent and not finally determined during his life, it may be continued by the trustee for recovery of such damages for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court on motion shall make an order allowing such continuance and directing pleadings to be made and issues framed as in actions begun under this section.

"Subd. 2. Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivision 1, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing his duties shall file his consent and oath. Before the trustee shall receive any money, he shall file a bond as security therefor in such form and with such sureties as the court may require.

"Subd. 3. This act shall not apply to any death or cause of action arising prior to its enactment, nor to any action or proceeding now pending in any court of the State of Minnesota. As amended Laws 1951, c. 697, § 1; Laws 1955, c. 407, § 1; Laws 1957, c. 712, § 1."

entitled to be subrogated to the rights of the employee or his dependents. American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N.W. 2d 178 (1963); McGuigan v. Allen, 165 Minn. 390, 206 N.W. 714 (1925). There is no independent cause of action created in favor of the employer or his insurer as there is under the Wisconsin Act. Fidelity & Casualty Co. of N. Y. v. St. Paul Gas Light Co., 152 Minn. 197, 188 N.W. 265 (1922); see Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566 (1952).

Thus to allow maintenance of this suit would be creating a cause of action which does not exist under Minnesota law, and would be recognizing a split of what has been construed an indivisible cause of action. It would then be authorizing a possible *double liability* on the part of the defendant as there is a separate action pending in this court by the personal representatives of the deceased employee against the defendant. This double liability potentially exceeds the maximum amount recoverable under the Wrongful Death Statute as the combined prayers for damage exceed $25,000. This result is repugnant to the declared Minnesota policy as expressed in the statutes and case law, and would in effect emasculate their fundamental purpose.

The Supreme Court of the United States has recognized the problems inherent in a situation where maintenance of a suit would result in the imposition of liability for a tort greater than that created by the lex loci delicti. Mr. Justice Holmes in Western Union Telegraph Co. v. Brown, 234 U.S. 542, 34 S.Ct. 955, 58 L.Ed. 1457 (1914), condemned such a result in the following language:

> "Whatever variations of opinion and practice there may have been, it is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another, he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground but the

measure of the maximum recovery. Slater v. Mexican National R. R. Co., 194 U.S. 120, 126 [24 S.Ct. 581, 48 L.Ed. 900, 902]; Cuba R. R. Co. v. Crosby, 222 U.S. 473, 478, 480 [32 S.Ct. 132, 56 L.Ed. 274–276, 38 L.R.A.,N.S., 40]. * * * *The injustice of imposing a greater liability than that created by the law governing the conduct of the parties at the time of the act or omission complained of is obvious; and when a state attempts in this manner to affect conduct outside its jurisdiction, or the consequences of such conduct,* * * * *it must fail.*" (Emphasis added).

The motion to dismiss is granted.